IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE CONAGRA PEANUT BUTTER PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1845<br>1:07-md-1845-TWT |
| LYNNIE BROWN MS.,<br><br>    Plaintiff,<br><br>    v.<br><br>CONAGRA FOODS, INCORPORATED,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:10-CV-1506-TWT |
| JENNIFER GREENING MS.,<br><br>    Plaintiff,<br><br>    v.<br><br>CONAGRA FOODS, INCORPORATED, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:10-CV-1507-TWT |
| THOMAS S. PIERCE, III, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CONAGRA FOODS, INC., a foreign Corporation, and its related parent companies, affiliates, and entities, | CIVIL ACTION FILE<br>NO. 1:07-CV-2692-TWT |

         Defendant.

## ORDER

These are personal injury cases. They are before the Court on the Plaintiffs' Motions for Reconsideration [Docs. 1964, 1965, and 1966] and the Plaintiffs' Motions for Oral Argument [Docs. 2178 and 2179], which are DENIED.

### I. Introduction

These cases arise out of Defendant ConAgra's 2007 recall of Peter Pan and Great Value peanut butter, after the CDC and FDA reported an association between these products and Salmonella Tennessee. After the recall, many consumers sued ConAgra, alleging that they contracted Salmonellosis, a bacterial infection caused by Salmonella Tennessee, after eating Peter Pan or Great Value peanut butter. The lawsuits were consolidated by the MDL panel in this Court for pretrial proceedings. Pursuant to the Case Management Order and Local Rule 5.0, all documents filed with the Court are filed and served electronically through the Case Management/Electronic Case Filing (CM/ECF) system.

The MDL involves hundreds of cases and thousands of plaintiffs. To aid in the management and resolution of these cases, certain information was required of the litigants. When information was required, the Court advised parties of the

requirements at periodic status conferences and by written order. All parties were free to attend status conferences in person or by telephone. At the status conference on April 29, 2010, the Court ordered all plaintiffs to complete a "Case Status Report," a brief five-question survey addressing the posture and likelihood of resolution of each active case. A minute entry summarizing the April 29 conference was posted on the MDL docket. [Doc. 1602].

On June 15, 2010, the Court entered a written order requiring the Plaintiffs to complete Case Status Reports by July 2, 2010. [Doc. 1710]. On July 9, 2010, one week after the July 2 deadline, the Court held another status conference, during which the Case Status Report requirement was discussed again at length. The cases in which Case Status Reports had not been filed were identified by name and case number at the conference and in a written agenda circulated electronically to all Plaintiffs' attorneys before the conference. Again, a minute entry summarizing the conference was posted on the MDL docket. [Doc. 1752].

On August 16, 2010, over six weeks after the July 2 deadline had passed, the Court issued a show cause order requiring plaintiffs who had not filed a Case Status Report to show cause why their case should not be dismissed with prejudice. It identified the delinquent plaintiffs by name and case number. Shortly thereafter, on August 26, 2010, the Court held another status conference, during which the cases in

violation of the Court's orders were again identified by name, case number, and attorney. All Plaintiffs' attorneys monitoring the conference were invited to be heard on the matter. Again, a minute entry summarizing the conference was posted on the MDL docket. Finally, on August 31, nearly two months after the deadline had passed, the Court dismissed with prejudice all cases in which Case Status Reports had not been filed. Lynnie Brown, Jennifer Greening, and Thomas Pierce were among the plaintiffs whose cases were dismissed. They now move for reconsideration.

## II.  Motion for Reconsideration Standard

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts upon motion to alter or amend a judgment. See Fed. R. Civ. P. 59(e). "The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985). The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration. Nevertheless, such motions are common in practice.

Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." L.R. 7.2E. A party may move for reconsideration only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need

to correct clear error or prevent manifest injustice." Godby v. Electrolux Corp., No. 1:93-CV-0353-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994).  Further, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Brogdon v. National Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

### III.  Discussion

Lynnie Brown, Jennifer Greening, and Thomas Pierce say that they were not aware of the Case Status Report requirement or the June 15 or August 16 orders. Brown and Greening's attorney explains that she did not receive emails about electronic filings because the Court had an invalid email address on file.  Pierce's attorney says that he did not register for CM/ECF emails because he thought that the Plaintiffs' liaison counsel would serve notice of any relevant pleadings, motions, or orders.  This is not grounds for reconsideration.  Had the Plaintiffs' counsel registered for CM/ECF, monitored the docket, or attended status conferences, they would have known about the Case Status Report requirement and June 15 and August 16 orders. This MDL involves hundreds of plaintiffs and hundreds of attorneys.  They must accept some responsibility for monitoring the case and complying with the Court's

orders. See Dinkens v. ConAgra Foods, No. 08-16245, 2009 WL 2915108, *3 (11th Cir. Sept. 14. 2009) ("Dinkins's professed lack of knowledge that orders were issued, discovery was required, and motions were pending resulted from her own attorney's failure to keep abreast of the action through any of the many avenues available to him . . . . We will not reward his failure to prosecute his client's lawsuit with another opportunity to pursue her claims."). The alternative is utter chaos. The Court cannot allow individual attorneys and parties to ignore the procedures that are essential to orderly disposition of these cases. Accordingly, the Plaintiffs are not entitled to reconsideration.

## IV. Conclusion

For the reasons stated above, the Plaintiffs' Motions for Reconsideration [Docs. 1964, 1965, and 1966] and the Plaintiffs' Motions for Oral Argument [Docs. 2178 and 2179] are DENIED.

SO ORDERED, this 12 day of April, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge